[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff for a reassessment of the damages awarded by the defendant Commissioner for the taking of property in the Town of Andover. It is located in a rural setting and consists of undeveloped and vacant land. The Commissioner has assessed damages at $104,000 for the taking of 32.40 acres from a total tract of 170 acres. The land taken will be used for the construction of a non-access highway which will run through the tract.
The taking was accomplished on April 15, 1988. Each side has produced an appraiser, both of whom filed Reports and testified as to the market value as they relate to that date. They used the market approach using comparable sales.
The evidence reveals that the area taken by the defendant divided the 170 acres of land into two tracts unconnected CT Page 4275 to each other, the larger of which consists of 90 acres, and the smaller, 48.4 acres. As to this smaller portion, there is little dispute between the parties since they agree that the taking has not diminished it in value. As to the 90-acre tract, however, there is sharp disagreement. Mr. Barry, the plaintiff's appraiser, assessed the value before the taking at $4,400 per acre for the entire 170 acres; Ms. Maynard, for the defendant, on the other hand, sets it at $3,300 per acre.
Both appraisers used as a comparable, the sale of these premises to the present plaintiff, Mr. Reed, in December 1986. At that sale, about 16 months prior to April 15, 1988, the date of taking, the price per acre paid by Mr. Reed was $3,235. Thus, Mr. Barry has increased the "before" value by $2,265 over the sale price effective in December 1986. Other comparable sales were discussed by the appraisers, but the prior sale 16 months earlier to Mr. Reed is deemed to be the most appropriate. Ms. Maynard, in contrast to Mr. Barry, sets the "before" value at $3,300 per acre. She stated she did not adjust the price for the time factor because she could find no large acreage parcels that were comparable. She did concede, however, that between the date of the prior sale to Mr. Reed and the date of taking, there had indeed been an upsurge in the price of land. Mr. Barry also testified to the same effect, saying that this upsurge in prices was of substantial proportions.
As to the 90-acre tract, the taking has affected the costs and feasibility of development. Development would be hampered because the Zoning Regulations allow only a limited number of lots to be developed on a cul-de-sac. (Cul-de-sacs will be required.) Development would also be more difficult because no through road could be run through between the two public highways which bordered the tract.
Based upon my viewing of the premises and after giving full consideration to all the evidence as well as my own knowledge of the elements constituting value, the following conclusions have been reached:
The value before the taking is found to be $748,000; the value after the taking is found to be $565,000, yielding a net damage to the plaintiff of $183,000.
Judgment may enter for the plaintiff in the sum of $183,000 less $104,000 already paid, with interest from April 15, 1988 to the date of payment at the rate of 10% on the difference of $79,000 together with costs, and an appraiser's fee of $2,500.
John M. Alexander, State Trial Referee. CT Page 4276